IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KOUROSH HAMIDI,

    Plaintiff,

vs.

LITTON LOAN SERVICE, LP; BANK OF NEW YORK; OWNIT; QUALITY LOAN SERVICE; MERS;

    Defendants.

No. CIV S-10-0694 GEB EFB PS

ORDER TO SHOW CAUSE

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On March 23, 2010, defendants Litton Loan Servicing LP, Bank of New York Mellon f/k/a the Bank of New York as Successor to JPMorgan Chase Bank, National Association, as Trustee for the Ownit Mortgage Loan Asset-backed Certificates, Series 2006-1, and Mortgage Electronic Registration Systems (collectively referred to hereafter as "defendants") removed this action from Sacramento Superior Court pursuant to 28 U.S.C. §§ 1331, 1441(b) and (c), and 1446 on the basis that plaintiff's complaint alleges violations of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-17; the Federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq*.;

1

certain provisions of Regulation Z, 12 C.F.R. § 236; certain provisions of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*; and certain provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*[1] Dckt. No. 1 at 2.

Also on March 23, 2010, the undersigned issued an order setting a status (pretrial scheduling) conference for July 28, 2010 and directing the parties to file status reports at least fourteen days prior to the conference (by July 14, 2010). Dckt. No. 3 at 2. The order cautioned the parties that failure to obey the Federal Rules, Local Rules, or orders of the court could result in sanctions, including a recommendation that the case be dismissed. *Id.* at 3.

On July 14, 2010, defendants filed a status report indicating that they had attempted to meet and confer with plaintiff regarding filing a joint status report but that plaintiff had been "unresponsive." Dckt. No. 18. The docket also reveals that plaintiff has not filed a status report, as required by the March 23, 2010 order. Therefore, the status (pretrial scheduling) conference will be continued and plaintiff will be ordered to show cause why he should not be sanctioned for failing to comply with this obligation. *See* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* Local Rule 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

////

---

[1] Pending before the undersigned are (1) defendants' motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, defendants' motion for a more definite statement pursuant to Rule 12(e); and (2) defendants' motion to strike portions of plaintiff's complaint pursuant to Rule 12(f). Dckt. Nos. 7, 8.

1   Accordingly, IT IS HEREBY ORDERED that:

2   1. The Status Conference currently set for July 28, 2010, is continued to September 29, 2010, at 10:00 a.m., in Courtroom No. 24, and defendants' request to appear at the July 28, 2010 conference telephonically, Dckt. No. 20, is denied as moot.

3   2. Plaintiff shall show cause, in writing, on or before August 25, 2010, why sanctions should not be imposed upon him for failure to file a status report in compliance with the court's March 23, 2010 order.

4   3. Also by August 25, 2010, plaintiff shall file a status report setting forth the matters referenced in the court's March 23, 2010 order.

5   4. Defendants are not required to file a further status report or a response to plaintiff's status report, but if they elect to do so, any such status report or response to plaintiff's status report shall be filed on or before September 1, 2010.

6   5. Failure of plaintiff to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: July 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE