IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KOUROSH HAMIDI,

    Plaintiff,

vs.

LITTON LOAN SERVICE, LP; BANK OF NEW YORK; OWNIT; QUALITY LOAN SERVICE; MERS;

    Defendants.

No. CIV S-10-0694 GEB EFB

ORDER

/

This case, in which plaintiff was originally proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On March 23, 2010, defendants Litton Loan Servicing LP ("Litton"), Bank of New York Mellon f/k/a the Bank of New York as Successor to JPMorgan Chase Bank, National Association, as Trustee for the Ownit Mortgage Loan Asset-backed Certificates, Series 2006-1 ("BONY"), and Mortgage Electronic Registration Systems ("MERS") removed this action from Sacramento Superior Court pursuant to 28 U.S.C. §§ 1331, 1441(b) and (c), and 1446 on the basis that plaintiff's complaint alleges violations of the Home Ownership and Equity Protection Act, 15 U.S.C. § 1637; the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17; the Federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*.; certain provisions of Regulation Z, 12 C.F.R.

1

1  § 236; certain provisions of the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*;
2  and certain provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§
3  1961 *et seq.* Dckt. No. 1 at 2.
4      Pending before the court are (1) Litton, BONY, and MERS's motion to dismiss plaintiff's
5  complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule")
6  12(b)(6) or, in the alternative, motion for a more definite statement pursuant to Rule 12(e), Dckt.
7  No. 7; (2) Litton, BONY, and MERS's motion to strike portions of plaintiff's complaint pursuant
8  to Rule 12(f), Dckt. No. 8; and (3) defendant Quality Loan Service's motion to dismiss pursuant
9  to Rule 12(b)(6), Dckt. No. 23. Defendant Quality Loan Service's motion to dismiss is currently
10 noticed for hearing before the undersigned on September 15, 2010.
11     On August 10, 2010, after Litton, BONY, and MERS's motions were submitted without
12 oral argument and after Quality Loan Service's motion was filed, attorney D. Randall Ensminger
13 filed a notice of appearance on behalf of plaintiff. Dckt. No. 30. Then, on August 25, 2010,
14 plaintiff's newly obtained counsel filed a supplemental opposition to Litton, BONY, and
15 MERS's motions, and on September 1, 2010, filed an opposition to Quality Loan Service's
16 motion to dismiss. Dckt. Nos. 31, 33. In the oppositions, counsel states that the person who
17 prepared plaintiff's original complaint "was a non-attorney who had stolen the identity of Marin
18 County attorney Mohammed Salem and was advising Plaintiff on how to proceed. This came to
19 light in mid-June 2010 when he was arrested and Plaintiff was left without legal assistance." *Id.*
20 at 1-2. Plaintiff's counsel then acknowledges that "[t]he arguments in [Litton, BONY, and
21 MERS's motions and in Quality Loan Service's motion] are, for the most part, well taken," but
22 contends that "no Amended Complaint has ever been filed in this case and no real attorney has
23 had an opportunity to properly set forth Plaintiff's true claims." *Id.* at 2. He contends that
24 "Plaintiff should be entitled to at least one second chance at filing an Amended Complaint
25 capable of surviving a motion to dismiss." *Id.*
26 ////

The undersigned construes plaintiff's counsel's filing, Dckt. No. 31, as a motion to amend plaintiff's complaint pursuant to Rule 15(a). Effective December 1, 2009, Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[1] Because defendants have filed motions to dismiss pursuant to Rule 12(b), plaintiff's opportunity to amend "as a matter of course" expired 21 days thereafter.

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff has sought such leave here.

The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

---

[1] The former version of Rule 15(a)(1) provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." As amended, the rule now includes motions to dismiss under Rule 12 within the meaning of "responsive pleading."

3

1 Although it is unclear precisely what amendments plaintiff seek to make, the request for
2 leave to file an amended complaint will be granted. There is no indication that plaintiff, who
3 until recently was appearing *pro se*, unduly delayed in requesting leave to amend or that the
4 request is made in bad faith. In fact, the request to amend was made shortly after plaintiff
5 obtained counsel. Further, the court cannot say at this time that amendment would be futile,
6 especially since plaintiff's counsel acknowledges the merit of several of defendants' arguments
7 for dismissal and states that plaintiff has never had an opportunity to present his "true claims."[2]
8 Additionally, although defendants have already filed motions to dismiss the original complaint,
9 if plaintiff's amended complaint suffers from the same failures that defendants contend the
10 original complaint does, defendants can move to dismiss the amended complaint on similar
11 grounds. Therefore, defendants have completed little or no work that would be disturbed by
12 granting plaintiff leave to file an amended complaint. The burden of showing prejudice is upon
13 the party opposing the amendment and defendants cannot carry this burden. Accordingly,
14 plaintiff's motion to amend his complaint will be granted. *See Duong-Tran v. Kaiser Found.*
15 *Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

16 As a result, defendants' motions to dismiss and motion to strike, Dckt. Nos. 7, 8, and 23,
17 will be denied as moot. Any amended complaint will supersede the earlier complaint which
18 defendants have moved to dismiss and to strike, rendering the earlier complaint of no legal effect
19 and the motions to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6
20 (Apr. 26, 2007).

21 Additionally, pursuant to the referral policy of this district, because all parties are now
22 represented by counsel the referral to the magistrate judge will be withdrawn and the case will be

---

24 [2] Plaintiff's counsel states in the opposition to Quality Loan Service's motion that "there likely was an illegal and ineffective appointment of Quality Loan Service by Defendant MERS who,
25 as a mere nominee beneficiary, did not have the ability or authority to appoint a successor trustee. If the foreclosing trustee, (i.e. Quality Loan Service), was not legally appointed then the foreclosure
26 sale must be set aside as invalid." Dckt. No. 33 at 2.

4

referred back to the district judge.  Accordingly, the September 29, 2010 status (pretrial scheduling) conference currently scheduled before the undersigned, Dckt. No. 22, will be vacated.  The magistrate judge shall continue to perform the usual discovery tasks associated with ordinary civil cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to amend his complaint, Dckt. No. 31, is granted, and plaintiff has until October 4, 2010 to file an amended complaint.[3]

2. Defendants' motions to dismiss and to strike, Dckt. Nos. 7, 8, and 23, are denied without prejudice.

3. The September 15, 2010 hearing on Quality Loan Service's motion to dismiss is vacated.

4. The referral of this case to the magistrate judge is withdrawn and the case is referred back to the district judge.

5. The September 29, 2010 status (pretrial scheduling) conference before the undersigned, Dckt. No. 22, is vacated.

SO ORDERED.

Dated: September 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Failure to timely file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed for failure to prosecute.

5